OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVER SHEET

| | | |
|---|---|---|
| Filing Date: January 4, 2012 | | Docket No.: 12-10055-FJB |
| Debtor: Don Cummings | | Co-Debtor: |
| SS #: xxx-xx-3806 | | SS#: |
| Address: 19 Duke St. Mattapan, MA 02126 | | Address: |

Debtors' Counsel: Nina M. Parker
Address:          10 Converse Place
                  Winchester, Massachusetts 01890
Telephone #:      (781)729-0005
Facsimile #:      (781)729-0187

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. §341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## OFFICIAL LOCAL FORM 3
## PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.:   12-10055-FJB

Debtor:      Don Cummings                     SS #:      xxx-xx-3806

## I.   PLAN PAYMENT AND TERM

Debtor(s) shall pay monthly to the Trustee the sum of $130.00 for four (4) months and
$1,145.00 for fifty-six (56) months

_____36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

__X__60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

_____60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause; or

_____Months. The Debtor states as reasons therefore:

## II.   SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Carrington Mortgage Services | Mortgage Arrears | $55,085.34 |
| City of Boston | Real Estate Taxes | $1,206.64 |
| Total of secured claims to be paid through the Plan: | | $56,291.98 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Carrington Mortgage Services | First Mortgage |

2

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

iii. The arrears under the lease to be paid under the plan are _____.

III.    **PRIORITY CLAIMS:**

A. Domestic Support Obligations: NONE

B. Other:

Total of Priority Claims to Be Paid Through the Plan:        $0.00

IV.    **ADMINISTRATIVE CLAIMS:**

A. Attorneys Fees (to be paid through the plan):

Nina M. Parker & Associates        $1,500.00

*To be paid upon approval of application for compensation.

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

3

## V.    UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of 0% of their claims.

A. General unsecured claims                    $0.00

B. Undersecured claims arising after lien avoidance/cramdown:

C. Non-Dischargeable Unsecured Claims:

**Total of Unsecured Claims (A + B + C):**          **$0.00**

D. Multiply total by percentage:                 $0.00
 (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total amount of separately classified claims payable at ___%: $_____

## VI.    OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous Provisions: _____   _____

4

## VII.   CALCULATION OF PLAN PAYMENT:

a) Secured claims (Section I-A Total):                         $  56,291.98
b) Priority claims (Section II-A & B Total):                   $        0.00
c) Administrative claims (Section III-A&B Total):              $   1,500.00
d) Regular unsecured claims (Section IV-D Total): +   $        0.00
e) Separately classified unsecured claims:                    $_____0.00
f) Total of a + b + c + d + e above: =                        $  57,791.98
g) Divide (f) by .90 for total including Trustee's fee:

Cost of Plan= $64,213.31

(This represents the total amount to be paid into the Chapter 13 Plan.)
h) Divide (g), Cost of Plan, by Term of Plan, 60 months
i) Round up to nearest dollar for Monthly Plan Payment:

$130.00 for four (4) months and $1,145.00 for fifty-six (56) months

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed.  Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII.   LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 19 Duke St. Mattapan, MA 02126 | $363,800.00 | $261,482.20 $  5,500.00 |

| | |
|---|---|
| Total Net Equity for Real Property: | $96,817.80 |
| Less Total Exemptions (Schedule C): | $500,000.00 |
| Available Chapter 7: | $0.00 |

B. Automobile (Describe year, make, model):

'01 Ford Expedition      Value $4,749.00      Lien   $0.00 Exemption    $4,749.00

| | |
|---|---|
| Total Net Equity: | $4,749.00 |
| Less Total Exemptions (Schedule C) | $4,749.00 |
| Available Chapter 7: | $0.00 |

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

| | |
|---|---|
| Total Net Equity: | $35,663.75 |
| Less Total Exemptions (Schedule C) | $35,663.75 |
| Available Chapter 7: | $0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:

$0.00

E. Additional Comments regarding Liquidation Analysis:  None.

## IX.   SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.


_____      ___7/5/12_____
Nina M. Parker                        Date
Debtor's Counsel

Address:          Parker & Associates
                  10 Converse Place
                  Winchester, Massachusetts 01890
Telephone:        (781)729-0005
Email Address:    nparker@ninaparker.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


_____      ___7/2/12_____
Don Cummings                          Date